UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JEREMY RAY LOVELADY**,

        Plaintiff,

v.

**DOCTOR BEAMER and MEDICAL MANAGER WETTLAUGHER**,

        Defendants.

Case No. 2:14-cv-00769-KI

OPINION AND ORDER

    Jeremy R. Lovelady
    Eastern Oregon Correctional Institution
    2500 Westgate
    Pendleton, OR 97801

        Pro Se Plaintiff

    Ellen F. Rosenblum
    Attorney General

Page 1 - OPINION AND ORDER

Vanessa A. Nordyke
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Jeremy Lovelady, an inmate at the Eastern Oregon Correctional Institution, complains that defendants Doctor Leland Beamer and Medical Manager Dorothy Wettlaufer[1] (collectively, "ODOC defendants") denied him adequate medical care in violation of the Eighth Amendment.[2]

Pending before me is the ODOC defendants' Motion for Summary Judgment for failure to exhaust administrative remedies.

## FACTS

Plaintiff alleges a history of back problems, dating back to 2001, including sciatica, a torn muscle, a herniated disc, arthritis in his spine and neck, and degenerative disc disease.

Plaintiff alleges that he requested to see a doctor for back pain over the course of ten weeks; he repeatedly had been scheduled to see a doctor, but ODOC cancelled the appointments. When Dr. Beamer finally examined plaintiff on September 17, 2013, plaintiff understood from his conversation with the doctor that plaintiff's appointments had been cancelled because of plaintiff's conviction. Dr. Beamer told plaintiff he looked fine and asked plaintiff to leave his office.

---

[1] Plaintiff misspelled the defendant's name as Wettlaugher in the caption of his complaint.

[2] I previously dismissed with prejudice the Oregon Department of Corrections.

Page 2 - OPINION AND ORDER

Plaintiff filed a grievance that day. On September 19, plaintiff filed a notice of tort claim with Risk Management Division in Salem.

Plaintiff sought Wettlaufer's assistance in scheduling a doctor's appointment. As a result, Dr. Beamer examined plaintiff on March 6, 2014; at that time, Dr. Beamer informed plaintiff he would not recommend an MRI for plaintiff. When plaintiff sought assistance from Wettlaufer, she informed plaintiff that he could purchase an MRI if he wanted one.

## LEGAL STANDARDS

The Prison Litigation Reform Act ("PLRA") states: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion requirement demands "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006).

It is the defendants' burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden of production then shifts to the prisoner to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The "ultimate burden of proof remains with the defendant[s]." Id. The court must view all material facts in the light most favorable to the non-moving party. Id. at 1173. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0100(3)(a). If this does not resolve the issue, the inmate may file a grievance. OAR 291-109-0140(1)(a).

Inmates may grieve: (1) the misapplication of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee, contractor, or volunteer; (3) any oversight or error affecting an inmate; (4) a program failure; (5) the loss or destruction of property; and (6) sexual contact, solicitation, or coercion between an employee or contractor and an inmate. OAR 291-109-0140(2)(a)-(g). A grievance must be filed within 30 days of the incident. OAR 291-109-0150(2).

An inmate may appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(1)(a) and (b). If still not satisfied, the inmate may appeal the functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0170(2)(c). This final appeal is decided by an assistant director having authority over the issue, constituting the final administrative ruling. OAR 291-109-0170(2)(d).

## DISCUSSION

The ODOC defendants move to dismiss plaintiff's complaint, asserting that he failed to timely appeal his grievances.

The ODOC defendants point out plaintiff failed to file any grievance against Wettlaufer. Plaintiff does not argue, or produce evidence, to the contrary. Wettlaufer is dismissed without prejudice for the reason that plaintiff has failed to exhaust his administrative remedies as to any claims against her.

Plaintiff filed two grievances regarding his interaction with Dr. Beamer, EOCI.2013.09.009 and EOCI.2013.11.004. The first grievance is dated September 17, 2013. The grievance was assigned and forwarded for a response. Plaintiff filed a tort claim notice, on September 30, before a response could be completed. OAR 291-109-0160(4) provides:

> If at any time the grievance coordinator determines the inmate has pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate. The grievance coordinator will retain a copy of the inmate's grievance and document the date and reason for return of the grievance.

ODOC denied plaintiff's grievance due to plaintiff's tort claim notice filing.

Plaintiff submitted his second grievance on October 31, 2013. ODOC denied this grievance for two reasons. The first reason was that the October grievance was a duplicate submission and, under OAR 291-109-0140(5), an inmate may not file more than one grievance regarding a single incident or problem. The second reason was that plaintiff had filed a tort claim notice. As a result, according to defendants, plaintiff failed to exhaust his administrative remedies.

Plaintiff implies the grievance process was rendered unavailable to him as he could not simultaneously have his grievance processed and preserve his rights under the Oregon Tort Claims Act. As a result, the central question is whether plaintiff's complaint is subject to dismissal for failure to exhaust administrative remedies when OAR 291-109-0160(4) precludes

Page 5 - OPINION AND ORDER

an inmate from grieving a claim or issue for which the inmate has filed a Notice of Tort with the Oregon Department of Administrative Services, Risk Management Division.  <u>See also</u> OAR 291-109-0140(3)(h).

Here, plaintiff did not even wait to receive a response to his grievance before he submitted his tort claim notice.  He had 180 days from the date of the injury to file a notice of tort claim–or until March 2014–and he refused to wait until he received a response to his initial grievance.  Prematurely ending the administrative process does not satisfy the PLRA exhaustion requirement, and does not demonstrate the unavailability of administrative relief.  Further, there is no binding, published precedent in the Ninth Circuit supporting the proposition he makes.  <u>See</u> <u>White v. Hall</u>, 384 F. App'x 560, 561 (9th Cir. 2010) (district court erred; grievance/appeals process unavailable when inmate's appeal rejected because he had filed a tort claim).

In sum, since plaintiff failed to exhaust his administrative remedies, I must dismiss his complaint without prejudice.

## CONCLUSION

For the foregoing reasons, the ODOC defendants' Motion for Summary Judgment [29] is granted and all the claims against the ODOC defendants are dismissed without prejudice.  Since I dismiss plaintiff's complaint, his Motion for Preliminary Injunction [26] is denied as moot.

IT IS SO ORDERED.

DATED this ___17th___ day of December, 2014.

       /s/ Garr M. King
      Garr M. King
      United States District Judge

Page 6 - OPINION AND ORDER